UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TERRANCE L. LAVOLL, | Case No.: 2:19-cv-01845-KJD-DJA |
| Petitioner | |
| v. | **Order Granting Motion to Dismiss the Petition, Denying a Certificate of Appealability, and Closing Case** |
| JERRY HOWELL, et al., | |
| Respondents | |
| | (ECF No. 18) |

*Pro se* 28 U.S.C. § 2254 habeas corpus petitioner Terrance L. Lavoll challenges his conviction, pursuant to an *Alford* plea, of sexual assault. (ECF No. 9.) He argues that his plea counsel was ineffective in assisting him, challenges the plea canvass and urges that his sentence violates his constitutional rights. (*Id.*) Respondents move to dismiss the petition as untimely and successive. (ECF No. 18.) They also argue that ground 1 is unexhausted and/or procedurally defaulted. Because the court concludes that it is untimely, the petition is dismissed.

**I.     Background**

In December 1997, in Eighth Judicial District Court, Las Vegas, Nevada (Clark County), Lavoll pleaded guilty, pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), to sexual assault. (Exh. 5.)[1] The state district court sentenced Lavoll to life in prison with the possibility of parole after 20 years. (Exh. 8.) Judgment of conviction was entered on January 6, 1998. (*Id.*) Lavoll did not file a direct appeal. He filed a state postconviction habeas corpus petition in

---

[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 18, and are found at ECF No. 19.

December 1998. (Exh. 10.) The Nevada Supreme Court affirmed the denial of the petition in April 2001. (Exh. 21.)

Lavoll filed a federal habeas corpus petition in September 2001. Case no. 2:01-cv-00635-PMP-LRL. The court dismissed the petition, and the Ninth Circuit Court of Appeals affirmed the decision in May 2007. (*Id.* at ECF Nos. 74, 75, 91.)

In December 2012, the state district court entered an amended judgment of conviction to include a special sentence of lifetime supervision and the requirement to register as a sex offender. (Exh. 42.) In January 2018, Lavoll filed a second state postconviction petition. (Exh. 46.) The state district court denied the petition as procedurally barred because it was untimely and barred by laches. (Exh. 53.) The court also held that two claims were barred by the law of the case. The Nevada Court of Appeals affirmed the denial in January 2019. (Exh. 61.)

Lavoll dispatched his second federal habeas corpus petition for filing in July 2019. (ECF No. 9.)[2] He raised three grounds for relief:

> Ground 1: The state district court imposed an illegal, arbitrary and capricious sentence in violation of his constitutional rights.
>
> Ground 2: The court misinformed him of the consequences of his plea and did not personally address him during the plea canvass in violation of his Fourteenth Amendment due process rights.
>
> Ground 3: His counsel was ineffective for failing to advise him of the elements of the charge he pleaded guilty to, the consequences of his plea and the sentence range in violation of his Sixth Amendment rights.

(ECF No. 9 at 3-12.)

---

[2] Lavoll has another federal habeas petition pending that challenges a different judgment of conviction. 2:19-cv-02249-GMN-EJY.

2

Respondents now move to dismiss the petition as untimely and successive. (ECF No. 18.) They argue alternatively that ground 1 is unexhausted and/or procedurally defaulted. Lavoll opposed, and respondents replied. (ECF Nos. 20, 21.)

### I.     Legal Standards & Analysis - Timeliness
### AEDPA Statute of Limitations

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Where a defendant fails to seek direct review of his judgment of conviction before the state appellate court, the one-year period of limitations begins to run thirty days after the entry of the judgment of conviction. NRAP 4(b)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-150 (2012).

A properly filed petition for state postconviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2). A state petition is not deemed "properly filed" if it is untimely under state procedural rules. *Pace v. DiGuglielmo*, 544 U.S. 408, 412-16 (2005). When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for the purposes of § 2244(d)(2)." *Id*. at 414. Under Nevada state law, a habeas petition must be filed within one year after entry of the judgment of conviction if no appeal is taken. NRS 34.726(1).

An amended judgment of conviction can constitute a new judgment that restarts the AEDPA limitations period. *Smith v. Williams*, 871 F.3d 684, 687 (9th Cir. 2017), citing *Magwood v. Patterson*, 561 U.S. 320, 332-33 (2010). But generally a clerical or "scrivener's" error would not lead to a new judgment from which the one-year deadline would start again. *See Gonzalez v. Sherman*, 873 F.3d 763, 772 (9th Cir. 2017).

Here, the amended judgment of conviction was entered on December 12, 2012. (Exh. 42.) Lavoll did not file a direct appeal from the amended judgment. Assuming, without deciding, that the limitations period ran from the amended judgment of conviction, Lavoll's one-year AEDPA statute of limitations began to run on January 11, 2013, and, absent tolling, expired on January 13, 2014.[3] 28 U.S.C. § 2244(d)(1)(A). Lavoll filed his second state petition in January 2018, four years after his AEDPA statute of limitations expired. (Exh. 44.) He was already time-barred from filing a federal habeas petition when the Nevada Court of Appeals applied the state procedural rule and held that Lavoll's 2018 state postconviction petition was untimely pursuant to NRS 34.726(1). (Exh. 61.)

Lavoll insists that he is entitled to equitable tolling of the statute of limitations. (ECF No. 20.) A petitioner may be entitled to equitable tolling of the AEDPA limitations period if he can show "'(1) that he has been pursuing his right diligently, and that (2) some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2009)(quoting prior authority). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). Equitable tolling may be available when a petitioner suffered from a mental impairment so severe that petitioner was unable personally to either understand the need to timely file or prepare a habeas petition and that impairment made it impossible under the totality of the circumstances to meet the filing deadline despite petitioner's diligence. *Bills v. Clark*, 628 F.3d 1092, 1093 (9th Cir. 2010.) Recently, the Ninth Circuit held that a petitioner "must show

---

[3] The one-year deadline fell on Saturday, January 11, 2014, so the deadline for Lavoll would have moved to Monday, January 13.

that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time for filing his claim in federal court." *Smith v. Davis* 953 F.3d 598-599 (9th Cir. 2020).

Lavoll argues that he did not discover that an amended judgment of conviction had been entered in 2012 until sometime between October and December of 2017 when he received a copy of the docket in his state criminal case. (ECF No. 20 at 2.) But the record belies his claim that he did not know of the amended judgment before 2017. That amended judgment states on its face:

> [O]n the 29th day of November, 2012, the Defendant was present in court and not represented by counsel . . . . good cause appearing to amend the Judgment of Conviction; now therefore
>
> IT IS HEREBY ORDERED that the Defendant's sentence to [sic] be amended to include a SPECIAL SENTENCE OF LIFETIME SUPERVISION to commence upon release from any term of imprisonment, probation or parole.
>
> ADDITIONALLY, the Defendant is ORDERED to REGISTER as a sex offender in accordance with NRS 179D.460 within FORTY-EIGHT (48) HOURS after any release from custody.

(Exh. 42.)

First, Lavoll was present in court when the amended judgment was entered. He claims that he was not served with a copy of the amended judgment. But the court finds that his claim that he had no knowledge of the amended judgment lacks credibility.

Second, he asserts that he learned of the amended judgment of conviction by December 2017. He filed a second state postconviction petition in January 2018. (Exh. 46.) The Nevada Court of Appeals affirmed the denial of that second state petition as procedurally barred because it was filed more than 20 years after the original judgment of conviction was denied on the

merits.[4] (Exh. 61.) An untimely state postconviction petition will not toll the AEDPA limitations period. More than one year passed between the time Lavoll claims he learned of the amended judgment of conviction—December 2017—and the time he submitted this federal petition in July 2019. Lavoll is not entitled to statutory or equitable tolling.[5] The court, accordingly, dismisses his petition as untimely.

## II.   Certificate of Appealability

This is a final order adverse to the petitioner. As such, Rule 11 of the Rules Governing Section 2254 Cases requires this court to issue or deny a certificate of appealability (COA). Accordingly, the court has *sua sponte* evaluated the claims within the petition for suitability for the issuance of a COA. *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid

---

[4] Even if the amended judgment of conviction here constitutes a new judgment "procedural default rules continue to constrain review of claims in all applications, whether the applications are 'second and successive' or not." *Magwood v. Patterson*, 561 U.S. 320, 340 (2010); *see also Taylor v. Jaime*, 2021 WL 1553966 *19 (N.D. Cal. Apr. 20, 2021) (court declined to revisit the state court's interpretation and application of a state procedural bar, emphasizing that *Magwood* does not preclude states from adopting their own procedural rules).

[5] Of course, if the AEDPA deadline ran from the original 1998 judgment of conviction this second federal petition would be untimely by almost 20 years. Additionally, the petition would be subject to dismissal as a second and successive petition to his 2001 federal petition. 28 U.S.C. § 2244(b) (1) – (3).

6

claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Id*.

Having reviewed its determinations and ruling in concluding that Lavoll's petition is untimely, the court finds that the ruling does not meet the *Slack* standard. The court therefore declines to issue a certificate of appealability for its resolution of Lavoll's petition.

### III. Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss **(ECF No. 18)** is **GRANTED**. The petition **(ECF No. 9)** is **DISMISSED** as time-barred.

**IT IS FURTHER ORDERED** that a certificate of appealability will not be issued.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly and close this case.

Dated: December 19, 2023

_____
KENT J. DAWSON
UNITED STATES DISTRICT JUDGE